UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| HUGSON JEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-11969-LTS |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster, United States Postal Service | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

January 12, 2015

SOROKIN, J.

The plaintiff, Hugson Jean, filed this action against Patrick R. Donahoe, Postmaster of the United States Postal Service, alleging employment discrimination in violation of Title VII of the Civil Rights Acts of 1964. On November 21, 2014, the defendant moved to dismiss the action on the theory that the Complaint was not timely in that it was filed on April 30, 2014, more than ninety days after January 24, 2014, the date on which the plaintiff received the notice of the final decision by the Equal Employment Opportunity Commission ("the EEOC notice"). Doc. Nos. 20, 21. In his opposition to that Motion, the plaintiff stated that he had mistakenly noted the date of mailing as the date of receipt in his Complaint and, in fact, had received the notice on January 30, 2014, making his Complaint timely. Doc. No. 24 at 2. With his response, he included a copy of the front of the envelope that enclosed the EEOC notice, which reflects a mailing date of January 24, 2014. Doc. No. 24-1 at 3. In response to the plaintiff's opposition,

the Court Ordered the plaintiff to submit an affidavit stating under oath that he received the EEOC notice on January 30, 2014 and to submit any other evidence of receipt on that date. Doc. No. 25. The plaintiff complied with this Order, filing an affidavit which affirmed, under oath, that he received the EEOC notice on January 30th. Doc. No. 27. The plaintiff also submitted with his affidavit a copy of the back side of the envelope that enclosed the EEOC notice, which displays a handwritten notation suggesting receipt on January 30, 2014. Id. Upon invitation from the Court, the defendant submitted a supplemental memorandum responding to the affidavit. Doc. No. 30. In that memorandum, the defendant argues that there is a presumption of receipt within five days of mailing of an EEOC notice and that the plaintiff's self-serving affidavit and handwritten notation on the envelope do not rebut that presumption. Id. at 1.

At this stage in the case, the Court accepts the statement in the plaintiff's affidavit that he received the EEOC notice on January 30, 2014. Accordingly, the Court finds that the Complaint was timely filed and the Motion to Dismiss, Doc. No. 20, is DENIED. The Court makes this Order without prejudice to the government renewing the argument that the Complaint was untimely in a motion for summary judgment, if it wishes. The government suggests, in its supplemental filing, that the envelope enclosing the EEOC notice may have a bar code printed on the back side that would indicate the date of delivery. Doc. No. 30 at 5-6. Thus, the plaintiff is ORDERED to produce the original envelope that enclosed the EEOC notice to the government for inspection within twenty-one days of this Order.

After the government filed its supplemental memorandum, the plaintiff, on December 19, 2014, filed an Amended Complaint, in which he asserts that he received the EEOC notice on January 30, 2014. Doc. No. 33 ¶ 41. The defendant has moved to strike the Amended Complaint, arguing that the Amended Complaint was filed more than twenty-one days after the

defendant filed his motion to dismiss and without the defendant's consent or leave of the Court in contravention of Federal Rule of Civil Procedure 15. Doc. No. 34 at 1-2. The Motion to Strike, Doc. No. 34, is DENIED. As the plaintiff is proceeding pro se, to the extent he required leave of the Court to file an amended complaint, the Court hereby grants such leave. Further, the allegations in the Amended Complaint do not affect the statute of limitations issue discussed above. Accordingly, the defendant shall respond to the Amended Complaint within ten days of this Order. The defendant's rights are preserved as to the statute of limitations issue raised in his Motion to Dismiss.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge