UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUGSON JEAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-11969-ADB |
| | * | |
| MEGAN J. BRENNAN | * | |
| *Postmaster General, United States Postal Service*, | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

August 11, 2015

BURROUGHS, D.J.

**I.    Introduction**

Plaintiff Hugson Jean ("Jean"), who is proceeding pro se, has sued Defendant Megan J. Brennan, Postmaster General of the United States Postal Service (the "Postal Service"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and fraud. The Plaintiff's Third Amended Complaint asserts four counts against the Postmaster General: Count I for race/color discrimination in violation of Title VII, and Counts II, III, and IV for constructive fraud, extrinsic fraud, and intrinsic fraud, respectively. [Dkt. 61.] As to the fraud claims, Jean alleges that, in connection with his termination from employment with the Hingham, Massachusetts branch of the Postal Service, "the Defendant's local postmaster has forged, fabricated the evidence in order to falsely justify 'JUST CAUSE' as reasons for employment action taken, as it now reveals, those reasons were Pretext for hiding discrimination." [Dkt. 61, ¶ 1.]

The Postmaster General has moved to dismiss Counts II, III, and IV, arguing that: (1) the United States is immune from claims for intentional and negligent misrepresentation pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h) ("§ 2680(h)"); (2) even if the fraud claims were actionable under the FTCA, they are precluded because Jean has not exhausted his administrative remedies with the Postal Service; and (3) the Third Amended Complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. [Dkt. 63.] In his opposition to the motion, Jean argues, inter alia, that there is no sovereign immunity in this case, and that he could not have exhausted his administrative remedies because the Postal Service withheld documents from him, which prevented him from discovering the alleged fraud until recently. [Dkt. 65.] After careful consideration of both parties' arguments, the Court holds that under § 2680(h), the Postal Service retains sovereign immunity over misrepresentation claims, and therefore, the Court lacks subject matter jurisdiction over the counts alleging fraud. Accordingly, Counts II, III, and IV of the Third Amended Complaint are DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] In her motion and supporting memorandum of law, the Postmaster General cites Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim upon which relief can be granted). [Dkt. Nos. 63-64.] As addressed at a status conference conducted on July 28, 2015, however, as to the Postmaster General's sovereign immunity argument, the Court proceeds instead with an analysis under Rule 12(b)(1) (lack of subject matter jurisdiction). E.g., Miami N., Inc. v. U.S. Dep't of Labor Penobscot Job Corps Ctr., 939 F. Supp. 53, 54 (D. Me. 1996) ("In tort actions, there must be a clear relinquishment of sovereign immunity in order for the district court to have jurisdiction. If [the plaintiff's] claim falls under § 2680(h), the Court does not have subject matter jurisdiction.") (internal citation omitted). This distinction, however, does not materially change either the analysis or the outcome of the partial motion to dismiss.

**II.      Relevant Background**[2]

From approximately February 2009 until he was terminated in November 2009, Jean was employed as a transitional employee with the Postal Service in Hingham, Massachusetts. [Dkt. 61, ¶¶ 8, 21.] In addition to alleging a series of discriminatory events, culminating in his allegedly unlawful termination [see generally Dkt. 61 ¶¶ 8-28], Jean alleges that he was "framed on the eve of his termination by Postmaster on November 5, 2009 . . . ." [Dkt. 61, ¶ 20.] Specifically, Jean alleges that "both data and information has been erased, whited-out from Plaintiff's 'Daily MSP Route REPORT'," which was "fabricated . . . in order to show 'JUST CAUSE'" for his termination. [Dkt. 61, ¶ 20; see also Dkt. 61-1, at 2-4.] He further alleges that the Postal Service falsely claimed that he lost a certified letter and failed to make 89 deliveries, and used these false allegations as a pretext for firing him. [Dkt. 61, ¶ 20.] Additionally, he alleges that the Postal Service "deliberately submitted a copy of [its] own altered document to EEOC to falsely justify reason for plaintiff's termination, as it now reveals, that reason was a mere pretext for hiding discrimination." [Dkt. 61, ¶ 23.]

Following his termination, in January 2010, Jean filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Postal Service discriminated against him based on his race and color. [Dkt. 61-1, at 5, 12.] On January 24, 2014, the EEOC's Office of Federal Operations issued its final decision finding no discrimination. [Dkt. 61-1, at 18-22.]

On April 30, 2014, Jean filed his action in this Court. [Dkt. 1.] He subsequently filed three amended complaints. [Dkt. Nos. 33, 56-1, and 61.] Counts II, III, and IV alleging fraud

---

[2] For purposes of a motion to dismiss, the Court accepts as true the facts alleged in the Third Amended Complaint and treats exhibits attached thereto as part of the pleading. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citing Fed. R. Civ. P. 10(c)).

appeared, for the first time, in the Third Amended Complaint, filed on May 4, 2015. Jean does not contend that he filed an administrative claim under the FTCA with the Postal Service before filing this action (or at any time since).

**III.     Discussion**

On a motion to dismiss for lack of federal subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). If the plaintiff fails to meet this burden, the district court must grant the motion to dismiss. Johansen, 506 F.3d at 68. In ruling on a such a motion, the Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). Additionally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Jean cannot meet his burden of establishing that the Court has subject matter jurisdiction over Counts II, III, and IV for fraud. The United States is immune from liability unless it has expressly waived its sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980). This sovereign immunity extends to the Postal Service. Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006). The FTCA provides a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b)(1) & 2674. However, sovereign immunity is expressly preserved for 13 categories of claims, which are set forth in § 2680. One such exception states: "The provisions of this chapter

4

and section 1346(b) of this title shall not apply to . . . (h) [a]ny claim arising out of . . . misrepresentation . . . ." 28 U.S.C. § 2680(h).[3] Thus, although the FTCA makes the United States responsible for certain torts committed by postal employees under local law, the Postal Service has sovereign immunity for claims arising out of misrepresentation.[4] Therefore, the Court lacks subject matter jurisdiction over Counts II, III, and IV alleging fraud and has no choice but to dismiss those counts. Miami N., Inc. v. U.S. Dep't of Labor Penobscot Job Corps Ctr., 939 F. Supp. 53, 54 (D. Me. 1996) ("In tort actions, there must be a clear relinquishment of sovereign immunity in order for the district court to have jurisdiction. If [the plaintiff's] claim falls under § 2680(h), the Court does not have subject matter jurisdiction.") (internal citation omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Based on its conclusion that it lacks subject matter jurisdiction over Counts II, III, and IV, the Court does not reach the Postmaster General's alternative arguments for partial dismissal.

---

[3] The full text of § 2680(h) provides:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

[4] While Jean appears to be alleging intentional fraud, rather than negligent misrepresentation, it bears noting that neither claim is actionable under § 2680(h). Jha v. Sec'y, U.S. Dep't of State, No. CIV.A. 10-11795-RGS, 2011 WL 1526955, at *2 (D. Mass. Apr. 22, 2011) ("Claims based on misrepresentation, including negligent misrepresentation, are excluded from the FTCA's limited waiver of sovereign immunity.") (citing 28 U.S.C. § 2680(h); United States v. Neustadt, 366 U.S. 696, 701-02, (1961); Muniz-Rivera v. United States, 326 F.3d 8, 13 (1st Cir. 2003)).

## IV.     Conclusion

For the above reasons, the Defendant's partial motion to dismiss [Dkt. 63] is <u>GRANTED</u>.

The Plaintiff may proceed on Count I of the Third Amended Complaint.

**SO ORDERED.**

Dated: August 11, 2015

<u>/s/ Allison D. Burroughs</u><br>
ALLISON D. BURROUGHS<br>
U.S. DISTRICT JUDGE